DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7224
    FAX: (415) 436-7027
    Lina.Peng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19-CR-00684 CRB |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| VISHAL KAMLESHWAR, | Date: December 9, 2020<br>Time: 10 a.m. |
| Defendant. | Hon. Charles R. Breyer |

Mr. Kamleswhar is a serial drug dealer in the Tenderloin area of San Francisco. Although he appears to be a low-level dealer, the cumulative effect of such criminal conduct has caused serious harm to the community. Although it appears that Mr. Kamleswhar is on an upward trajectory in terms of his addiction, under 18 U.S.C. § 3553(a), that is not the only factor the Court must consider in fashioning the appropriate sentence. The United States respectfully recommends that the Court sentence Mr. Kamleshwar to five years of probation, with the first year in home detention or community confinement as a condition, along with all other conditions recommended by Probation.[1]

---

[1] The Court can also accomplish this result by sentencing Mr. Kamleshwar to time-served, with 5 years of supervised release and a condition that the first year be served in home detention or community confinement.

UNITED STATES SENTENCING MEMORANDUM
19-CR-00684 CRB

# DISCUSSION

## I. The Defendant's Sentencing Guidelines Calculation.

The government is in agreement with Probation's calculation of the Guidelines. Specifically, Mr. Kamleswhar total offense level is 10 and his criminal history category is II, which corresponds to a Guidelines range of 8 to 14 months of imprisonment. Because this range falls within Zone B of the Sentencing Table, the minimum term may be satisfied by a sentence of probation that includes a condition or combination of conditions that substitute home detention for imprisonment U.S.S.G. §§ 5C1.1(c), (e).

## I. Sentencing Recommendation

### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. The Government's Recommended Sentence Is Sufficient But Not Greater Than Necessary.

The government's sentencing recommendation is effectively one year of home detention, followed by four years of probation. The defendant can leave for work and other pre-approved

UNITED STATES SENTENCING MEMORANDUM
19-CR-00684 CRB

activities. This recommendation is sufficient but not greater than necessary and appropriately balances the sentencing goals set forth by Congress under 18 U.S.C. § 3553(a).

Probation is not sufficient for this defendant. Although Mr. Kamleswhar has only one prior conviction, his history of repeated arrests and warrants make clear that his criminal history category understates his actual criminal conduct. As reflected in the PSR, Mr. Kamelshwar has been arrested for drug related offenses and other offenses on numerous occasions: May 2012 (sexual battery), December 2013 (possession/purchase of cocaine in Tenderloin), March 2014 (transport/sale of cocaine in Tenderloin); April 2014 (possess/purchase cocaine in Tenderloin); June 2014 (contempt of court order); October 2014 (possession controlled substance); April 2015 (possession/sale cocaine); May 2015 (possess/purchase of cocaine). The defendant had additional arrests for warrants on March 12, 2014, June 6, 2014, July 14, 2014, April 1, 2015, May 30, 2015, and December 10, 2017.

The instant offense continues the same pattern of conduct. On November 26, 2019, Mr. Kamleshwar sold an undercover police officer cocaine base in exchange for $25 in the Tenderloin.

Moreover, in this case, although Mr. Kamleshwar was released to New Bridge for treatment on March 4, 2020, he absconded on March 24, 2020, and a warrant issued. He subsequently appeared in Court on April 9, 2020, and was released back to residential treatment at Health Right 360 (Walden House), a program he entered on his own. (PSR ¶ 5.) Although Mr. Kamleshwar should get credit for turning himself in and entering a program, he did also violate a court order when he had already been provided yet another opportunity for treatment.[2] There is no reason for Mr. Kamleshwar, particularly during a pandemic, to leave his residence other than for work or other pre-approved purposes. His record indicates that he is easily susceptible to repeat criminal conduct, which will be mitigated by a year of home detention. Such a sentence achieves the sentencing goals under Section 3553(a), to include just punishment, promotion of respect for the law, and specific deterrence.

//

//

---

[2] The government notes that Mr. Kamleshwar appears to be selective regarding which treatment programs he desires to participate in. Even though he previously had not been successful with Health Right 360, Mr. Kamleshwar absconded from New Bridge and ultimately decided not to participate in this Court's ATIP program after a referral for assessment was approved.

UNITED STATES SENTENCING MEMORANDUM
19-CR-00684 CRB

**CONCLUSION**

The United States respectfully recommends that the Court sentence Mr. Kamleshwar to five years of probation, with the first year in home detention or community confinement as a condition, along with all other conditions recommended by Probation.

DATED: December 2, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
LINA PENG
Assistant United States Attorney